**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC, | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 6:12-cv-152-LED |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| OFFICE DEPOT, INC. | § | |
| Defendant. | § | |

---

**DEFENDANT'S MOTION TO DISMISS THE INDIRECT INFRINGEMENT CLAIMS OF THE FIRST AMENDED COMPLAINT**

---

Defendant Office Depot, Inc., ("Office Depot") through its undersigned attorneys, hereby moves to dismiss all claims of indirect infringement in Plaintiff's First Amended Complaint for Patent Infringement (Dkt. 26), pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. In support of its Motion, Office Depot states the following:

**TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 1, 2, 4

*Bedrock Computer Techs., LLC v. Softlayer Techs., Inc.*,
No. 6:09-cv-269-LED, 2010 WL 5175172 (E.D. Tex. March 29, 2010) .......... 3, 4

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) .......... 1

*DSU Med. Corp. v. JMS Co., Ltd.*,
471 F.3d 1293 (Fed.Cir. 2006) .......... 5

*Global-Tech Appliances, Inc. v. SEB S.A.*,
131 S. Ct. 2060 (2011) .......... 4

*Golden Blount, Inc. v. Robert H. Peterson Co.*,
438 F.3d 1354 (Fed.Cir. 2006) .......... 5

*Gonzalez v. Kay*,
577 F.3d 600 (5th Cir. 2009) .......... 1

*In re Bill of Lading Transmission & Processing Sys. Patent Lit'g*,
695 F. Supp. 2d 680 (S.D. Ohio 2010) .......... 6

*In re Bill of Lading*,
No. 2010-1493 (Fed. Cir. June 7, 2012) .......... 6

*Joao Bock Transaction Sys. of Tex., LLC v. AT&T, Inc.*,
No. 6:09-cv-208-LED, 2010 WL 5343173 (E.D. Tex. March 29, 2010) .......... 3, 4

*McZeal v. Sprint Nextel Corp.*,
501 F.3d 1354 (Fed. Cir. 2007) .......... 1

*Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*,
370 F.3d 1354 (Fed. Cir. 2004) .......... 6

*Network-1 Security Solutions v. Alcatel-Lucent USA, Inc.,*
No. 6:11-cv-492-LED (E.D. Tex. May 14, 2012) .......... 3

*Symantec Corp. v. Computer Assocs. Int'l, Inc.*,
522 F.3d 1279 (Fed.Cir. 2008) .......... 5

*Toshiba Corp v. Imation Corp.,*
No. 2011-1204, 2012 WL 2087187 (Fed. Cir. June 11, 2012) .......... 6

**Rules**

Fed. R. Civ. P. 12(b)(6) .......... 1, 6

## I. STATEMENT OF THE ISSUE

The issue before the Court is whether the First Amended Complaint's induced and contributory infringement allegations state a plausible claim for relief when they (1) fail to plead sufficient facts showing that Office Depot had pre-litigation knowledge of the asserted patents; (2) fail to identify acts that induced a third party to infringe or that plausibly suggest Office Depot had a specific intent to induce infringement; and (3) offer only the conclusion that the accused systems and methods have no substantial non-infringing uses.

## II. LEGAL STANDARD

Regional circuit law applies to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). To survive a motion to dismiss, a plaintiff must plead sufficient facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice."). Instead, a claim must contain sufficient allegations of fact to be facially plausible. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. When "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the plaintiff is entitled to relief. *Gonzalez,* 577 F.3d at 603 (quoting *Iqbal*, 556 U.S. at 679). Although factual

allegations are taken as true, legal conclusions are given no deference. *See Iqbal*, 556 U.S. at 678-79.

## III. PROCEDURAL HISTORY

On March 14, 2012, Soverain Software LLC ("Soverain") filed its Complaint for Patent Infringement (Dkt. 1). On June 15, 2012, Office Depot filed a Motion to Dismiss the Indirect Infringement Claims (Dkt. 19). On July 2, 2012, Soverain filed a First Amended Complaint for Patent Infringement (Dkt. 26) and a Response to Defendant's Motion to Dismiss (Dkt. 27). Soverain's Response argues that Office Depot's Motion is moot because the original Complaint is no longer operative.

## IV. ARGUMENT

The indirect infringement allegations in Soverain's First Amended Complaint do not state a plausible claim for relief. Instead of pleading sufficient facts to show that it is plausibly entitled to relief, Soverain recites the elements of a claim for indirect infringement, asserts conclusions, and speculates.

Soverain's First Amended Complaint alleges that Office Depot directly and indirectly infringes U.S. Patents 5,715,314 and 5,909,492 (the "patents-in-suit"). Soverain alleges that Office Depot induce "others," including Office Depot's "customers," to infringe. (Dkt. 26, ¶¶ 11, 13). The First Amended Complaint does not explain how Office Depot induces. It simply asserts that Office Depot induces others to infringe and that others infringe by accessing the Office Depot's websites "to search for products offered and sold …, adding to and removing products from an electronic shopping cart …, and ultimately paying for those products …." (*Id.* ¶¶ 11, 13). Soverain further alleges that Office Depot's customers infringe by accessing Office

Depot's "websites, network-based sales systems, and hypertext statement systems to retrieve the details and status of orders placed …." (*Id.* ¶ 11). Soverain infers that Office Depot specifically intended to induce others' direct infringement because Office Depot "allows and encourages visitors and customers … to utilize the network-based sales systems and hypertext statement systems." (*Id.* ¶ 13). Soverain alleges that Office Depot is liable for contributory infringement because it contributes "to the making, using, selling, or offering for sale within the United States, products or processes that practice inventions claimed in [the patents-in-suit]" and because "the accused systems and methods have no substantial non-infringing uses." (*Id.* ¶ 14). Soverain's First Amended Complaint does not identify the accused systems and methods and does not explain why there are no substantial non-infringing uses.

In sum, Soverain fails to allege sufficient facts to support its allegations of induced and contributory infringement and instead relies on conclusions and speculation.

This Court has repeatedly emphasized that it has "high expectations" of a plaintiff's preparedness for suit. *See, e.g., Bedrock Computer Techs., LLC v. Softlayer Techs., Inc.*, No. 6:09-cv-269-LED, 2010 WL 5175172, at *3 (E.D. Tex. Mar. 29, 2010); *Network-1 Security Solutions v. Alcatel-Lucent USA, Inc.,* No. 6:11-cv-492-LED (E.D. Tex. May 14, 2012) (Order on motion to dismiss [Doc. 145]). For example, in *Joao Bock Transaction Sys. of Tex., LLC v. AT&T, Inc.*, No. 6:09-cv-208-LED, 2010 WL 5343173, at *3 (E.D. Tex. Mar. 29, 2010), this Court granted defendants' Rule 12(b)(6) motion to dismiss, finding that the following allegations of indirect infringement did not meet the pleading standards of Rule 8:

> Upon information and belief, the Defendants have infringed and continue to infringe one or more claims of the '003 patent by making, using, importing, providing, offering to sell, advertising and/or selling (directly or through intermediaries), in this District and elsewhere in the United States, infringing

> products and services. Upon information and belief, the Defendants have also contributed to the infringement of one or more claims of the '003 patent, and/or actively induced others to infringe one or more claims of the '003 patent, in this District and elsewhere in the United States.

*Joao Bock*, 2010 WL 5343173, at *1. Similarly, in *Bedrock,* the Court dismissed indirect infringement claims consisting of the following allegations:

> Defendants have contributorily infringed and/or induced others to infringe and continue to contributorily infringe and/or to induce others to infringe the '120 Patent in this District and elsewhere in the United States by their manufacture, importation, sale, offering for sale, and/or use of the claimed method and apparatus of the '120 Patent without authority or license of Bedrock.

*Bedrock*, 2010 WL 5175172 at *1, *3.

Although Soverain's First Amended Complaint now recites the elements of claims for induced and contributory infringement, those allegations are as conclusory and formulaic as the insufficient allegations in Soverain's original complaint and the above-cited cases. As a result, Soverain's First Amended Complaint fails to meet the pleading requirements because it (1) fails to plead sufficient facts showing that Office Depot had pre-litigation knowledge of the patents-in-suit; (2) fails to identify acts by Office Depot that induced a third party to infringe or that plausibly suggest Office Depot had a specific intent to induce infringement; and (3) offers only the conclusion that Office Depot's websites have no substantial non-infringing uses. *See Iqbal*, 556 U.S. at 678-679 ("recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

A plaintiff alleging induced infringement must plead facts showing that the defendant had actual knowledge of, or was willfully blind to, both the existence of the asserted patents and their alleged infringement by the direct infringer. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011). Soverain does not allege that Office Depot had pre-litigation knowledge of

the patents-in-suit. Instead, Soverain's First Amended Complaint speculates that Office Depot might have known about the patents-in-suit by virtue of Soverain's past lawsuits against other retailers with e-commerce websites. (Dkt. 26, ¶ 12). Soverain's speculation is not an allegation of fact sufficient to show that that Office Depot had both knowledge of the patents-in-suit and knowledge that their customers allegedly were infringing.

Soverain also does not allege actions by Office Depot that induced a third party to infringe or that plausibly suggest that Office Depot had a specific intent to induce infringement. *See*, *e.g.*, *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (inducement requires proof of "specific intent and action to induce infringement"; "mere knowledge of possible infringement by others does not amount to inducement"). Instead, Soverain generally alleges that Office Depot made its websites available to "visitors and customers" and that its "customers" used the websites to purchase products. These allegations are not enough to draw a reasonable inference that Office Depot specifically intended to induce its customers to infringe the patents-in-suit. A plaintiff must allege specific acts or practices that would inevitably result in infringement, such as providing product manuals that encourage customers to use the product in an infringing manner. *See*, *e.g.*, *Symantec Corp. v. Computer Assocs. Int'l, Inc.*, 522 F.3d 1279, 1293 (Fed. Cir. 2008) (finding inducement where defendant's product manual "encouraged customers" to use accused products in an infringing combination with other products); *Golden Blount, Inc. v. Robert H. Peterson Co.*, 438 F.3d 1354, 1364 & n.4 (Fed. Cir. 2006) (customers infringed by following instructions for assembling accused product and defendant "intended to have customers assemble the apparatus in accordance with the instructions" and "had notice of the patent"); *Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1365 (Fed.

Cir. 2004) (publications "promot[ing]" infringing method support jury finding of intent to induce infringement). Soverain's First Amended Complaint does not allege such acts or practices by Office Depot.

Although Soverain's First Amended Complaint concludes that Office Depot's websites have no substantial non-infringing uses, it fails to allege facts supporting that conclusion. Soverain's allegation, therefore, fails to create a plausible inference that there are no substantial non-infringing uses. *See Toshiba Corp v. Imation Corp.,* No. 2011-1204, 2012 WL 2087187, at *4 (Fed. Cir. June 11, 2012) (upholding grant of summary judgment on contributory infringement where plaintiff failed to raise triable issue regarding lack of substantial non-infringing use); *In re Bill of Lading Transmission & Processing Sys. Patent Lit'g*, 695 F. Supp.2d 680, 689 (S.D. Ohio 2010) (dismissing contributory infringement claims for failing adequately to plead knowledge of the patents and substantial non-infringing uses), *rev'd in non-relevant part by In re Bill of Lading*, No. 2010-1493 (Fed. Cir. June 7, 2012) (affirming dismissal with respect to allegations of contributory infringement).

## V. CONCLUSION

For these reasons, the Court should dismiss Plaintiff's claims for induced and contributory infringement against Office Depot pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: July 19, 2012

Respectfully submitted,

*/s/ Hilary L. Preston*

Hilary L. Preston (TX Bar No. 24062946)
VINSON & ELKINS LLP
666 Fifth Avenue, 26th Floor
New York, New York 10103-0040
Tel.: (212) 237-0000
Fax: (212) 237-0100
hpreston@velaw.com

David B. Weaver (Lead Attorney)
Texas Bar No. 00798576
Stephen C. Stout
Texas Bar No. 24060672
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78746-7568
Tel.: (512) 542-8400
Fax: (512) 542-8612
dweaver@velaw.com
sstout@velaw.com

***Attorneys for Office Depot, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2012, I electronically filed the foregoing **DEFENDANTS' MOTION TO DISMISS INDIRECT INFRINGEMENT CLAIMS OF FIRST AMENDED COMPLAINT** using the Court's ECF system which will electronically serve the same upon all counsel of record.

*/s/ Hilary L. Preston*
Hilary L. Preston